T.C. Memo. 1999-168

UNITED STATES TAX COURT

MARC ERIC VIDMAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12730-98.          Filed May 18, 1999.

Marc Eric Vidmar, pro se.

<u>John M. Tkacik, Jr.</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1996 and 1997 in the amounts of $2,375 and $2,754, respectively.

The issues for decision are as follows:

(1) Whether petitioner is entitled to a dependency exemption for Apollonia Shaia Johnson.  We hold that he is.

(2) Whether petitioner is entitled to head-of-household filing status.  We hold that he is.

(3) Whether petitioner is entitled to the earned income credit in the amounts claimed by petitioner.  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Cleveland Heights, Ohio, at the time that his petition was filed with the Court.

Petitioner was not married during the years in issue.  He is the father of Apollonia Shaia Johnson (Apollonia).  Apollonia was born in October 1987.  Petitioner and Apollonia's mother, Jacqueline Johnson (Jacqueline), have never been married to each other.  Petitioner and Jacqueline lived together from sometime before Apollonia's birth in 1987 to 1990.  In 1990, Jacqueline moved to California taking Apollonia with her.  However, sometime in 1991, Jacqueline sent Apollonia to live with petitioner.  Apollonia has been living with petitioner since that time.

Throughout the years in issue, petitioner provided all financial support for Apollonia.

On his income tax returns for 1996 and 1997, petitioner reported gross income in the amounts of $8,047 and $10,446, respectively. For both years in issue, petitioner claimed a dependency exemption for Apollonia and head-of-household filing status. In addition, petitioner claimed the earned income credit in the amounts of $2,152 and $2,210 for 1996 and 1997, respectively. In this regard, petitioner attached Schedule EIC to his return for each year indicating thereon that he was basing his claim for the credit on Apollonia.

In the notice of deficiency, respondent disallowed the dependency exemption claimed by petitioner for Apollonia for both years in issue. Respondent also determined that petitioner was not entitled to head-of-household filing status; rather, respondent determined that petitioner's filing status was that of a single individual. Finally, respondent determined that petitioner was only entitled to an earned income credit in the amount of $113 for 1996, and that petitioner was not entitled to any earned income credit for 1997.

### OPINION

We begin with the dependency exemption issue.

A taxpayer is allowed as a deduction an exemption for each qualifying dependent. See sec. 151(c)(1). A dependent is

defined as an individual: (1) Who is either related to the taxpayer in one of the ways enumerated in section 152(a)(1) through (8) or is a member of the taxpayer's household, and (2) who receives over half of his or her support from the taxpayer. See sec. 152(a). A son or a daughter of a taxpayer may qualify as a dependent. See sec. 152(a)(1). As we have found, petitioner provided all of the support for his daughter Apollonia during the years in issue and is therefore entitled to a dependency exemption for her for each of those years.

We now turn to the filing status issue.

In order to qualify for head-of-household filing status, petitioner must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his home a household that constitutes for more than one-half of the taxable year, the principal place of abode of a son or daughter of the taxpayer. See sec. 2(b)(1)(A)(i). A taxpayer is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. See sec. 2(b)(1).

Petitioner was not married at the close of either 1996 or 1997. Further, petitioner furnished all of the cost of maintaining the requisite household for his daughter, Apollonia. Petitioner therefore qualifies for head-of-household filing status for both years in issue.

Finally, we turn to the earned income credit issue.
In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability. As relevant herein, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year. Sec. 32(c)(1)(A). Respondent claims that during the years in issue Apollonia was not a qualifying child. We disagree.

Apollonia qualifies as a "qualifying child" pursuant to the requirements set forth in section 32(c)(3)(A)(i through iii). In this regard, Apollonia is petitioner's daughter and satisfies the relationship test. See sec. 32(c)(3)(A)(i), (B)(i)(I). Further, Apollonia resided with petitioner throughout the years in issue and satisfies the residency test. See sec. 32(c)(3)(A)(ii). Finally, Apollonia was under 19 years of age during both years in issue and satisfies the age test. See sec. 32(c)(3)(A)(iii), (C)(i). In view of the foregoing, petitioner is entitled to the earned income credit based on one qualifying child as claimed on his returns for the years in issue.

To reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for petitioner.</u>